UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MRS. WORLD LLC,

        *Plaintiff*,

v.

TANA JOHNSON,

        *Defendant*.

Civil Action No. 21-928
(JMV) (JBC)

<u>OPINION</u>

<u>**John Michael Vazquez, U.S.D.J.**</u>

    This matter arises from Plaintiff's allegations that Defendant emailed a libelous press release to Plaintiff's business associates, which caused the associates to terminate their business dealings with Plaintiff. Presently before the Court are three motions filed by Defendant: (1) a motion to dismiss for lack of subject-matter jurisdiction; (2) a motion to dismiss for lack of personal jurisdiction over Defendant; and (3) a motion to strike the declaration of Alice Lee Giannetta filed on March 9, 2021. The Court reviewed all the submissions in support and in opposition[1] and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, the motions to dismiss are **GRANTED** and the motion to strike is **DENIED**.

---

[1] Defendant's brief in support of her motion to dismiss for lack of subject-matter jurisdiction will be referred to as "SMJ Br.," D.E. 3. Plaintiff's opposition brief to the motion to dismiss for lack of subject-matter jurisdiction will be referred to as "SMJ Opp.," D.E. 7. Defendant's reply brief in further support of her motion to dismiss for lack of subject-matter jurisdiction will be referred to as "SMJ Reply," D.E. 10. Defendant's brief in support of her motion to dismiss for lack of personal jurisdiction will be referred to as "PJ Br.," D.E. 4. Plaintiff's opposition brief to the motion to dismiss for lack of personal jurisdiction will be referred to as "PJ Opp.," D.E. 8. Defendant's reply brief in further support of her motion to dismiss for lack of personal jurisdiction will be referred to as "PJ Reply," D.E. 11.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff Mrs. World LLC "is a domestic limited liability company formed and registered in New Jersey." Compl. ¶ 1. Alice Lee Giannetta is the sole member. *Id.* ¶ 3. Plaintiff is the license holder of the "Mrs. World 2021" Beauty Pageant. *Id.* ¶ 2. On or about March 4, 2020, Plaintiff entered into a contract with Vogue Jewelers, Chandimal Jayasinghe, and the Lifestyle Company (the "Sri Lanka Partners") to host the Mrs. World 2021 Beauty Pageant in Colombo, Sri Lanka. *Id.* ¶¶ 4-5.

Defendant Tana Johnson is a resident of Montana who "holds herself out to be the Vice President of Mrs. World Incorporated." *Id.* ¶¶ 6, 16. Defendant has no prior relationships with the Sri Lanka Partners and, although she was aware of Plaintiff's contract with them, Defendant was not a party to that agreement. *Id.* ¶¶ 7-8. "Upon information and belief," on or before May 4, 2020, Defendant "emailed a libelous press release to many business associates of the Plaintiff including but not limited to the Sri Lanka Partners." *Id.* ¶¶ 10, 32. Plaintiff alleges that Defendant emailed the press release "to create discord between the Plaintiff and the Sri Lanka Partners with purpose to disrupt" Plaintiff's contract. *Id.* ¶ 33.

In the press release, Defendant claimed that "Plaintiff misappropriated the funds and revenues from the Sri Lanka Partners and called the Plaintiff a 'liar and a thief.'" *Id.* ¶ 34. The press release cautioned: "Don't be dragged into her [(Plaintiff's)] now well known web of ugliness, The spots on the Leopard do not change." *Id.* ¶ 35. Finally, the press release stated the following:

> If any of you paid monies to her [Plaintiff] for any purported Mrs. World [2021] related purpose - that's money stolen! We urge you demand it returned to you immediately . . . . Failure for her to return said sums in our opinion elevates the matter to a criminal level. We

---

[2] The factual background is taken from the Complaint ("Compl."), D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

> would suggest you approach the US Consulate to report the issue for their advice.  We regret all of this but it's done not by us!

*Id.* ¶ 36 (alterations in original).

The Sri Lanka Partners then "terminate[d] their business dealings with the Plaintiff and cited to Defendant Johnson's libelous press release as the direct cause of the termination." *Id.* ¶¶ 11, 37.  After canceling their contract with Plaintiff, the Sri Lanka Partners entered into a contract with Defendant to host the Mrs. World 2021 Beauty Pageant.  *Id.* ¶ 38.  Additionally, one of the Sri Lanka Partners informed Plaintiff "that they were no longer discussing pageant/fall fashion events with her in the future." *Id.* ¶ 41.

Plaintiff alleges that Defendant's statements in the press release were "not privileged"; "intended to be and are false and malicious"; "made with reckless disregard to the truth"; and "made with intentions to not only terminate the March contract that the Plaintiff entered into with the Sri Lanka Partners, but to also prevent the Plaintiff from entering into any future contracts or . . . business dealings in the pageant world business." *Id.* ¶ 42.

Plaintiff filed a Complaint on January 20, 2021. D.E. 1.  The Complaint alleges two counts: (1) tortious interference with contractual relation; and (2) tortious interference with prospective economic advantage.  Defendant then filed the present motions to dismiss, D.E. 3, 4, which Plaintiff opposed, D.E. 7, 8, and to which Defendant replied, D.E. 10, 11.  On March 9, 2021, Plaintiff filed a corrected exhibit to fix a typographical error on the Declaration of Alice Lee Giannetta, which was filed originally as an attachment to Plaintiff's opposition brief to the motion to dismiss for lack of personal jurisdiction.  D.E. 12.  The same day, Defendant filed a "Objection to and Motion to Strike Late Filed Declaration of Alice Lee Giannetta (Document 12), or, in the Alternative, Evidentiary Objections to the Declaration of Alice Lee Giannetta Filed March 9, 2021." D.E. 13.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

To decide a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Id.* at 346 (quoting *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). The burden is on the plaintiff to prove that the Court has jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003).

Here, Defendant mounts a facial challenge to this Court's subject-matter jurisdiction. PJ Br. at 1 ("the complaint does not set forth facts sufficient to establish this court's subject-matter jurisdiction over the claims set forth in the complaint"). As a result, like a Rule 12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(2)

Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In such a motion, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing

and without the benefit of discovery, the plaintiff need only establish a *prima facie* case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court "take[s] the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

However, once a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* In other words, the court looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of a plaintiff. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). A plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka*, 106 F. Supp. 3d at 462 (citing *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). In addition, a court "may always revisit the issue of personal jurisdiction if later revelations reveal that the facts alleged in support of jurisdiction remain in dispute." *Otsuka*, 106 F. Supp. 3d at 462 n.5 (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009)).

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)). General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Id.* (quoting *Walden*, 571 U.S. at 284 n.6). Personal jurisdiction can also be obtained through consent, waiver, or in-state service on a defendant. *See Carnival Cruise Lines,*

5

*Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause); *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Jasper v. Bexar Cty. Adult Detention Center*, 332 F. App'x 718, 719 (3d Cir. 1999) (regarding consent).

Here, Plaintiff concedes that Defendant lacks the continuous and systematic contacts to satisfy the requirements for general jurisdiction. PJ Opp. at 5. The parties therefore dispute whether specific jurisdiction is satisfied. As to specific personal jurisdiction, a federal court "engages in a two-step inquiry to determine whether it may exercise personal jurisdiction": (1) "whether the relevant state long-arm statute permits the exercise of jurisdiction," and (2) "if so, [whether] the exercise of jurisdiction comports with due process" under the Fourteenth Amendment. *Display Works*, 182 F. Supp. at 172 (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998)); *see also* Fed. R. Civ. P. 4(k)(1)(A) (indicating that service "establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction[3] in the state where the district court is located."). "New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Id.* (citing *IMO Industries*, 155 F.3d at 259). Accordingly, the two steps are collapsed into one and "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal

---

[3] General jurisdiction as used in Rule 4(k) refers to subject-matter jurisdiction rather than personal jurisdiction.

quotation marks omitted). In other words, to establish specific personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

The "constitutional touchstone remains whether the defendant purposefully established 'minimum' contacts in the forum State." *Id.* at 474 (citing *Int'l Shoe*, 326 U.S. at 316). A defendant must have "fair warning" that its conduct will subject it to the jurisdiction of a foreign court. *Id.* at 472. A defendant's conduct and connection with the forum state must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Specific jurisdiction requires that the defendant 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 384 (D.N.J. 2016) (citing *Burger King*, 471 U.S. at 472). "The minimum contacts analysis depends upon 'the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Yet, actual "[p]hysical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant." *Id.* (quoting *IMO Industries*, 155 F.3d at 259).

The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317. First, the defendant must have "purposefully directed [its] activities at the forum." *Id.* (internal quotation marks omitted).[4]

---

[4] This factor has also been characterized as "purposeful availment." *Burger King*, 471 U.S. at 475. The factor focuses on contact that the defendant itself created with the forum State. *Id.* The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person." *Id.* (internal quotation

Second, the litigation must "arise out of or relate to at least one of those activities." *Id.* (internal quotation marks omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id.* (internal quotation marks omitted).

When an intentional tort is alleged, a slight variation from the *O'Connor* three-part test applies, known as the *Calder* effects test, *O'Connor*, 496 F.3d at 317 n.2, stemming from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* effects test "can demonstrate a court's jurisdiction over a defendant even when the defendant's contacts with the forum alone . . . are far too small to comport with the requirements of due process under our traditional analysis." *Marten*, 499 F.3d at 297 (alteration in original) (internal quotation marks omitted). Under *Calder*, "an intentional tort directed at the plaintiff and having sufficient impact upon [the plaintiff] in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc.*, 155 F.3d at 260.

In *IMO Industries*, the Third Circuit held that the *Calder* effects test requires a plaintiff to show that:

> (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

*Id.* at 265-66 (footnote omitted). As to the third prong, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the

---

marks omitted) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)); *World-Wide Volkswagen Corp.*, 44 U.S. at 299; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

8

forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266. The *Calder* effects test, as interpreted by the Third Circuit, requires that a defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Marten*, 499 F.3d at 297 (quoting *World-Wide Volkswagen Corp.,* 444 U.S. at 297).

Finally, specific jurisdiction determinations are "claim specific." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). "[A] conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by [the plaintiff] does not necessarily mean that it has personal jurisdiction over that same defendant as to [the plaintiff]'s other claims." *Id.* The Third Circuit has recognized that although it "may not be necessary" to "conduct a claim-specific analysis" in "every multiple claim case, . . . because there are different considerations in analyzing jurisdiction over contract claims and over certain tort claims," such differentiation is required in certain circumstances. *Id.*

### III. ANALYSIS

#### A. Subject-Matter Jurisdiction

Defendant argues that the Complaint contains insufficient facts to establish diversity jurisdiction. SMJ Br. at 1-2. The Court agrees. To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). And "[a] natural person is deemed to be a citizen of the state where he is domiciled." Id.

The Complaint alleges that Defendant is a resident of Montana. Compl. at ¶ 14. But as for Plaintiff – a limited liability company – the Complaint alleges only that it "is a domestic limited liability company registered in New Jersey" and that Alice Lee Giannetta is the sole member. *Id.* ¶¶ 14, 3. The Complaint fails to allege the citizenship of Giannetta and, as a result, Plaintiff has failed to satisfy its burden of establishing subject-matter jurisdiction.[5] Defendant's motion to dismiss for lack of subject-matter jurisdiction is granted.

### B. Personal Jurisdiction[6]

Defendant argues that this Court lacks personal jurisdiction over her because she is a citizen and resident of Montana, has no business or personal connection with New Jersey, and the allegedly defamatory press release was not published or distributed to any New Jersey residents. PJ Br. at 2. In opposition, Plaintiff contends that specific personal jurisdiction is proper because Defendant committed an intentional tort against a New Jersey company. PJ Opp. at 9.

The Complaint alleges that Defendant committed intentional torts against Plaintiff and, therefore, this Court's analysis is guided by the *Calder* effects test. *IMO Indus.*, 155 F.3d at 259-60. As discussed above, the *Calder* effects test requires Plaintiff to show that (1) the defendant "committed an intentional tort"; (2) that Plaintiff "felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that

---

[5] Plaintiff's opposition brief to the motion to dismiss for lack of subject-matter jurisdiction indicates that "Mrs. World, LLC is a New Jersey limited liability company with two members, Alice Lee Giannetta who resides in New York and Michael V. Calabro who resides in New Jersey. SMJ Opp. at 2. While, if true, this would apparently satisfy the diversity requirement of 28 U.S.C. § 1332(a), Defendant's motion presents a facial attack, and this Court can only assess its subject-matter jurisdiction based on the allegations in the Complaint. *Davis*, 824 F.3d at 346.

[6] Specific jurisdiction determinations are "claim specific." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Here, because the challenged conduct is the same for both Counts raised in the Complaint, the Court conducts a single analysis.

10

tort"; and (3) that the defendant "expressly aimed [their] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Id.* at 265-66. As to the first element, Plaintiff has alleged that Defendant committed an intentional tort. However, Plaintiff fails to satisfy the remaining elements of the test and, therefore, has failed to demonstrate that personal jurisdiction over Defendant is proper. Plaintiff has not presented facts from which this Court could conclude that Defendant aimed its tortious conduct at New Jersey or that Plaintiff suffered the brunt of its harm in New Jersey.

Other than the allegation that "Mrs. World LLC is a domestic limited liability company formed and registered in New Jersey," Compl. ¶¶ 1, 14, few, if any, allegations in the Complaint appear relevant to the second and third elements of the *Calder* effects test. The Complaint includes the assertions that Defendant "purposefully availed her wrongful conduct of tortious interference with a contract against Plaintiff, a New Jersey citizen," and that the Defendant's act was "directed at the forum state of New Jersey." *Id.* ¶¶ 19-20. These conclusory allegations are insufficient. The Third Circuit has made clear that "the *Calder* 'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *IMO Indus.* 155 F.3d at 265. Critically, the Circuit cautioned that "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum [is] insufficient in itself to meet this requirement." *Id.*

Plaintiff also attached the declaration of Alice Lee Giannetta to its opposition brief,[7] which

---

[7] Defendant seeks to strike the Giannetta Declaration "on the grounds that it was filed without court order beyond the time permitted for plaintiff to file any documents in opposition to the motion . . . to dismiss for lack of personal jurisdiction." D.E. 13 at 1. As Plaintiff's counsel explained in a letter at D.E. 14, the Giannetta Declaration was initially filed as an exhibit to Plaintiff's opposition brief (D.E. 8-1). The Giannetta Declaration was filed again as a corrected

11

indicates that Defendant had some ties to New Jersey; however, none of these New Jersey connections relate to the challenged conduct of sending a libelous email to the Sri Lanka partners. For example, the Declaration provides that Defendant is the Vice President of three different beauty pageant companies that conduct business in New Jersey, D.E. 8-1, ¶ 6; she conducts pageant business in New Jersey with her "New Jersey Partners," *id.* ¶ 7; she is paid by the New Jersey partners for this work, *id.* ¶ 9; she communicates with the New Jersey Partners through phone, email, What's App, and Facebook to conduct business, *id.* ¶ 12; and she profits from the New Jersey Partners and New Jersey contestants in pageants she oversees, *id.* ¶¶ 23-26. These contacts do not involve the Sri Lanka Partners or the alleged libelous statement. Therefore, these New Jersey contacts are insufficient to confer specific personal jurisdiction in this case. None of these contacts relate to Defendant's conduct about which Plaintiff complains in this action. As a result, the Court is not satisfied that it has specific personal jurisdiction over Defendant, and Defendant's motion to dismiss for lack of personal jurisdiction is granted.

## IV. CONCLUSION

For the reasons set for above, Defendant's motions to dismiss are **GRANTED** and the motion to strike is **DENIED**. The dismissal is without prejudice and Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does

---

exhibit to remedy a single typo in the originally filed version at ¶ 4; Plaintiff corrected the date on which Mr. Michael Calabro began serving as Mrs. World LLC's President from February 12, 2021 to February 19, 2021. Although, as Defendant points out in her Reply, Plaintiff's opposition briefing and the original Giannetta Declaration were filed one day late, the Court will still consider the filing. Plaintiff is cautioned that the Court's deadlines must be strictly adhered to in any future filings. Defendant's motion to strike, D.E. 13, is denied.

not file an amended complaint within that time, this matter will be closed. An appropriate Order accompanies this Opinion.

Dated: August 4, 2021

                                                                                                                _____
                                                                                                                John Michael Vazquez, U.S.D.J.